IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

United States Courts
Southern District of Texas
ENTERED
APR 2 6 2005
Michael N. Milby, Clerk of Court

| | |
|---|---|
| CIRO CID ADAMES, #424362 | § |
| | § |
| V. | § CIVIL ACTION NO. G-04-047 |
| | § |
| WARDEN FOSTER, ET AL. | § |

### REPORT AND RECOMMENDATION

Plaintiff Ciro Cid Adames, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Having reviewed Plaintiff's complaint and answers to interrogatories, this Court makes the following recommendation to the District Judge.

When a plaintiff seeks to proceed *in forma pauperis*, pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e). A case may be dismissed for being frivolous if the claim has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915(e). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

A Plaintiff proceeding pursuant to Section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th

1

Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986). In this case, Plaintiff's claims stem from the alleged deliberate indifference of prison officials after he underwent retinal surgery at the University of Texas Medical Branch at Galveston (UTMB) on January 9, 2002. Upon his release from UTMB on January 10, 2002, Plaintiff was supposed to be housed at an infirmary unit so that he could lie in a face down position and receive treatment that would allow for minimal movement. Instead, Plaintiff was transported back to the Ramsey I unit, where conditions prevented him from remaining as quiet as possible. Plaintiff allegedly sought informal help from Defendants Johnson, Foster, Jackson, and Lopez to be moved to a medical unit, but his requests were unheeded or ignored. On January 17, 2001, Plaintiff was re-examined at UTMB, where it was discovered that it his retina had detached, necessitating another surgery.

Plaintiff alleges that the following Defendants were deliberately indifferent to his serious medical needs in failing to assure that he was housed in a medical unit after his retinal surgery (as prescribed by his surgeon): Dr. Huynh, Dr. Owusus, Gary Johnson, Doug Dretke, Kenneth Negebenedor, Teri Foster, Eddie Wilson, Tommy Haynes, Tammy Jackson, Stephen Smock, Rochelle McKinney, and John Doe (one through five).

In order to prevail on a claim of inadequate medical care under the Eighth Amendment and 42 U.S.C. § 1983, a Plaintiff must establish deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105-107 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind. *Estelle*, 429 U.S. at 105-06. The appropriate test for deliberate

2

indifference is a subjective inquiry; the Plaintiff must establish that prison officials were actually aware of the risk, yet consciously disregarded it. *Lawson v. Dallas County,* 286 F.3d 257, 262 (5th Cir. 2002). Disagreements with the type of medical treatment provided cannot support a claim under Section 1983, nor will negligence or medical malpractice. Rather, the Plaintiff must demonstrate that the Defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard" for his serious medical needs. *See Domino v. Texas v. Dep't. of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001)(quoting *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985).

Plaintiff filed grievances regarding his improper housing status but did not state the name of any official who had ignored his medical need to be moved. In his answers to interrogatories, however, Plaintiff states that he personally spoke or mailed an I-60 to Defendants Johnson, Foster, Jackson and Lopez. Defendants Huynh, Owusu, Dretke, Negebenedor, Wilson, Haynes, Smock, McKinney, and John Doe (one through five) are not mentioned in any place other than the list of Defendants in the original complaint. As such, Plaintiff has wholly failed to allege the personal involvement of any of the above-named Defendants in the harm for which he sues.

Personal involvement is an essential element of a civil rights cause of action and requires that Plaintiff establish an affirmative link between his injuries and Defendants' personal conduct. *Rizzo v. Goode,* 423 U.S. 362, 371-72, 377 (1976); *see also Jett v. Dallas Indep. Sch. Dist.,* 798 F.2d 748, 758 (5th Cir. 1986), *aff'd in part and remanded in*

3

*part*, 491 U.S. 701 (1989). As stated by the Fifth Circuit in *Lynch v. Cannatella*, 810 F.2d 1363, 1377 (1987), an individual Defendant is entitled to a "specific recital" of the wrongs he is alleged to have **personally perpetrated** on the Plaintiff. Failure to indicate an individual Defendant's personal involvement in the alleged unconstitutional action is grounds for dismissing the complaint. *Coon v. Ledbetter*, 780 F.2d 1158, 1161 (5th Cir. 1986). Because no facts have been pleaded to show that any of the above-named Defendants were, in any way, involved in the decision regarding Plaintiff's transfer to a medical unit, they lack the personal involvement necessary to subject them to liability under Section 1983.

With respect to Defendant Gary Johnson, then Director of the Institutions Division of the TDCJ, Plaintiff alleges that he wrote (not mailed) a letter to Johnson regarding his health concerns on January 16, 2002. The response to Plaintiff's grievance states that Plaintiff's retinal detachment was diagnosed on January 17, 2002; clearly, therefore, Defendant Johnson had no knowledge of Plaintiff's concerns prior to the diagnosis of the harm and thus had no personal involvement in the harm for which he sues.

It also appears that Defendant Lopez had no personal involvement with Plaintiff's housing assignment. Lopez is a licensed vocational nurse to whom Plaintiff complained when he first returned to the Ramsey I unit from UTMB. At that time, Lopez informed Plaintiff that the proper authorities had been notified. Plaintiff has offered no facts to suggest that Lopez had any responsibilities other than those of an LVN or had any

involvement in decisions regarding the location of the Plaintiff or any other inmate.

Accordingly, for the foregoing reasons, it is the **RECOMMENDATION** of this Court that all claims against all Defendants **except** Warden Foster and Tammy Jackson be DISMISSED with prejudice.

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff by the means in place for transmission of same. The Plaintiff shall have until **May 13, 2005,** in which to have written objections physically on file in the Office of the Clerk. <u>The objections shall be mailed to the Clerk's Office in Galveston, Texas, 77553 at P.O. Drawer 2300</u>. Any Objections filed shall be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the 25th day of April, 2005.

JOHN R. FROESCHNER
UNITED STATES MAGISTRATE JUDGE